**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |  |
|---|---|
| **CAROL GRUNEWALD, et al.**,<br><br>         Plaintiffs,<br><br>         v.<br><br>**JONATHAN B. JARVIS, DIRECTOR, NATIONAL PARK SERVICE, et al.**,<br><br>         Defendants. | Civil Action No. 12-cv-1738 (RLW) |

**MEMORANDUM OPINION**

Plaintiffs have moved this Court for an Order requiring Defendants to supplement the Administrative Record with one purportedly missing document. Before the Court is Plaintiffs' Motion to Supplement the Administrative Record With One Document (Dkt. No. 14). For the reasons set forth below, Plaintiffs' Motion is **DENIED**.

**STANDARD FOR SUPPLEMENTING THE ADMINISTRATIVE RECORD**

When reviewing agency action, the Administrative Procedure Act requires a court to review "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. A fair review by this Court requires it to have "neither more nor less information than did the agency when it made its decision." Walter O. Boswell Mem'l Hosp. v. Heckler, 749 F.2d 788, 792 (D.C. Cir. 1984). There is a strong presumption that the agency properly compiled the Administrative Record. "Supplementation of the administrative record is the exception, not the rule." Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (citations omitted). "Therefore, absent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative

record." WildEarth Guardians v. Salazar, 670 F. Supp. 2d 1, 5 (D.D.C. 2009) (citations omitted). "Were courts cavalierly to supplement the record, they would be tempted to second-guess agency decisions in the belief that they were better informed than the administrators empowered by Congress and appointed by the President." Amfac Resorts, LLC v. U.S. Dep't of the Interior, 143 F. Supp. 2d 7, 11 (D.D.C. 2001) (quoting San Luis Obispo Mothers for Peace v. NRC, 751 F.2d 1287, 1325-26 (D.C. Cir. 1986) (en banc)).

In addition, a successful motion to supplement the Record cannot merely guess about who has seen the documents at issue. A party moving to supplement the Administrative Record "must do more than imply that the documents at issue were in the [agency's] possession"; they "must prove that the documents were before the actual decisionmakers involved in the determination." Sara Lee Corp. v. Am. Bakers Ass'n, 252 F.R.D. 31, 34 (D.D.C. 2008) (citation omitted). The Record "should not include materials that were not considered by agency decisionmakers." Pac. Shores, 448 F. Supp. 2d at 4 (citations omitted).

## ANALYSIS

In this case, the one document at issue is entitled "Meeting the Invasive Species Challenge," and was published by the National Invasive Species Council in 2001. (Dkt. No. 14-2). Plaintiffs' theory as to why this document "was clearly" before the Defendants (Dkt. No. 14, at 1 & 11), appears to be as follows. The Administrative Record includes, as it unquestionably must, the Final White-Tailed Deer Management Plan / Environmental Impact Statement ("FEIS"). (Administrative Record ("AR") 16450-17041). Under a section titled "Related Laws, Policies, Plans, and Constraints: Other Legislation, Compliance, and National Park Service Policy," the FEIS includes a one-sentence entry for Executive Order 13112. (AR 16518). The entry reads: "This executive order requires the NPS to prevent the introduction of invasive

species and provide for their control and to minimize the economic, ecological, and human health impacts that invasive species cause." (Id.). Plaintiffs asked Defendants to include the Executive Order in the Administrative Record. (Dkt. No. 14-4, at 2). Defendants replied that they "do not believe it appropriate or necessary to include Executive Order 13112 in the AR (just as we have not included copies of statutes or regulations), but will not object if Plaintiffs cite to that Order." (Dkt. No. 14-5, at 2-3).[1] The Executive Order, in turn, refers to the document Plaintiffs seek to supplement the Administrative Record with, but not directly. This is because the Executive Order is dated February 3, 1999, see 64 Fed. Reg. 6183 (Feb. 8, 1999), and refers to the future publication of a "first edition of a National Invasive Species Management Plan"; the government subsequently published "Meeting the Invasive Species Challenge" in October 2001, (Dkt. No. 14-2). Thus, Plaintiffs' argument is that the Administrative Record should be supplemented with a document that was referred to in a document that was referred to in the Record.

There is a difference between "supplementing the Record" and "going beyond the Record." See, e.g., Cape Hatteras Access Pres. Alliance v. U.S. Dep't of Interior, 667 F. Supp. 2d 111 (D.D.C. 2009). The former seeks to add documents that were before the agency but not included in the Administrative Record, while the latter seeks to add documents not before the agency but that should nonetheless be in the Administrative Record. Plaintiffs here ask to supplement the Record, as made clear by their Motion, which states "this document . . . was clearly before the agency when it made its decision," (Dkt. No. 14, at 1), as well as by their Reply, which states their Motion should be granted under County of San Miguel v. Kempthorne,

---

[1]     Plaintiffs' representation that the Park Service "agreed that the Executive Order should be in the Administrative Record" is thus not accurate. (See Dkt. No. 23, at 5).

3

587 F. Supp. 2d 64, 77 (D.D.C. 2008) (Dkt. No. 23, at 2); County of San Miguel is a case about Record supplementation.

Plaintiffs fail to meet the "heavy burden" required of a party moving to supplement the Record. WildEarth, 670 F. Supp. 2d at 6.  Their argument that the Administrative Record must be supplemented with a document referenced in a document not in the Administrative Record stretches the meaning of what is "before the agency" beyond the breaking point.  "A broad application of the phrase 'before the agency' would undermine the value of judicial review . . . ." Pac. Shores, 448 F. Supp. 2d at 5.  Plaintiffs' argument has been considered and rejected by other courts, and Plaintiffs have not presented a convincing reason to stray from that precedent. See, e.g., Ctr. For Native Ecosystems v. Salazar, 711 F. Supp. 2d 1267, 1277 (D. Colo. 2010) (finding the "consideration through citation argument stretches the chain of indirect causation to its breaking point and cannot be a basis for compelling completion of an Administrative Record").  In fact the argument here is even weaker, because in Ctr. For Native Ecosystems the first document in the chain appeared in the Administrative Record.  That is not the case in this matter, as the Executive Order is not in the Administrative Record, but only mentioned.

Plaintiffs claim that their "motion should be granted under County of San Miguel," (Dkt. No. 23, at 2), overstates the holding of that court and thus its relevance here.  In County of San Miguel, the court supplemented the Administrative Record with two sets of documents related to whether a particular species should be listed under the Endangered Species Act.  First, the court ordered the Record supplemented with two documents that the defendants in that case had previously stipulated were part of the Record in related litigation.  587 F. Supp. 2d at 73.  Second, in that case the plaintiffs had requested pursuant to the Freedom of Information Act ("FOIA") all "public documents possessed by the U.S. Fish and Wildlife Service that comprise

the 'administrative record' for the final listing determination . . . . " <u>Id.</u> at 74. The government in that case had turned over documents to plaintiffs pursuant the FOIA request that it then tried to keep out of the Administrative Record, causing the court to reject the government's "inconsistent representations." <u>Id.</u> The key issues considered by the court in <u>County of San Miguel</u> are not present here, and the case is therefore readily distinguishable.

The law provides a presumption that an agency properly compiled the Administrative Record that may be rebutted only upon "clear evidence to the contrary." <u>Fund for Animals v. Williams</u>, 391 F. Supp. 2d 191, 197 (D.D.C. 2005) (citation omitted). The government has stated it "did not consider or rely, directly or indirectly, on" the 2001 document. (Dkt. No. 14-7). Although Plaintiffs have alleged that the document "was clearly before the agency," (Dkt. No. 14, at 1 & 11), the clarity is not discernible by the Court. Instead it appears that Plaintiffs have done nothing more than "imply that the document[] at issue w[as] in the [agency's] possession," <u>Sara Lee Corp.</u>, 252 F.R.D. at 34, because a document referred to in the Administrative Record in turn refers to its eventual existence. As have others, this Court finds that Plaintiffs' chain of inferences stretches too far.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Supplement the Administrative Record is **DENIED**. An Order accompanies this Memorandum.

Date: February 21, 2013

                                                    ROBERT L. WILKINS
                                                    United States District Judge